IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MELBA SUE JOHNSON, ROBERT ALGOOD and TERESA ALGOOD,<br><br>Plaintiffs,<br><br>vs.<br><br>RE-EM TRANSPORTATION SERVICES, LTD.; 1338023 ALBERTA, LTD.; and ADAM BOYKIW<br><br>Defendants. | CV 16-49-M-DLC-JCL<br><br>FINDINGS & RECOMMENDATION |

**I.  Introduction**

This matter is before the Court on Plaintiff Melba Sue Johnson's motion for partial summary judgment filed February 6, 2017.  Johnson requests judgment be entered in her favor with respect to the following four affirmative defenses advanced against her by Defendants, collectively referred to as "RTS": (1) contributory negligence; (2) comparative fault; (3) laches; and (4) non-party liability.  Review of the record reflects that RTS has not filed a response to Johnson's motion within the time period prescribed by Local Rule 7.1(d)(1)(B)(i). For the reasons stated below, Johnson's motion should be granted.

-1-

## II. Standard of Review

Under Fed. R. Civ. P. 56, a party moving for summary judgment who – like Johnson here – does not have the burden of persuasion at trial must produce evidence which either: (1) negates an essential element of the non-moving party's claim or affirmative defense, or (2) shows that the non-moving party does not have enough evidence of an essential element of its claim or affirmative defense to ultimately carry its burden at trial. *Nissan Fire & Marine Ins. Co. Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). And where, as here, the moving party has satisfied her initial burden, the non-moving party must set forth through supporting evidentiary materials "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). An issue of fact is "genuine" if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case.

## III. Analysis

By way of her affidavit (doc. 38), and the affidavit of Robert Algood (doc. 39), Johnson has satisfied her initial burden in producing evidence of the following facts.

On August 12, 2014, Johnson was injured in an automobile collision. The

collision occurred when a semi-truck and trailer operated b RTS crossed the centerline and collided with a pickup truck operated by Robert Algood. Johnson was a rear seat passenger in Algood's vehicle. Johnson was not acting in any manner – immediately before or at the time of the collision – that contributed to the cause of the collision.

Johnson filed this action approximately 19 months after the collision – well within the applicable three year period of limitations. See Mont. Code Ann. § 27-2-204.[1]

RTS has failed to sustain its burden to designate specific facts supported by evidentiary materials of record showing that there exists any genuine dispute with respect to the referenced facts established by Johnson.

### A.  Contributory and Comparative Negligence

By way of its first and second affirmative defenses, RTS asserts Johnson's negligence claim and any resultant damages ar barred or reduced by her contributory or comparative negligence. Johnson first argues that with Montana's adoption of comparative negligence – as codified at Mont. Code Ann. § 27-1-202 -- contributory negligence was "statutorily abolished" as a defense and is thus

---

[1] Jurisdiction is founded upon diversity of citizenship. 28 U.S.C. § 1332. Consequently, the law of Montana controls the substantive issues in the case. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938)

unavailable in this case. Johnson is only partially correct.

Montana did not adopt a pure comparative negligence scheme where "no plaintiff is completely barred from recovery because of her contributory negligence." *Giambra v. Kelsey*, 162 P.3d 134, 144 (Mont. 2007) (quoting Dobbs, The Law of Torts § 201, at 505). Rather, "Montana's comparative negligence scheme employs the 'greater than' version of comparative negligence." *Giambra*, 162 P.3d at 144 (citation omitted). Consequently, "[a]s now codified in § 27-1-702, MCA, ... a plaintiff's contributory negligence is a defense to a charge of negligence, but '[c]ontributory negligence does not bar recovery in an action by a person' unless that person's contributory negligence was 'greater than the negligence of the person or the combined negligence of all persons against whom recovery is sought.'" *Giambra*, 162 P.3d at 144. Thus, because of Montana's adoption of a bastardized version of pure comparative fault, the rubric of contributory negligence remains in the statutory and decisional law of Montana. And, consistent with Mont. Code Ann. § 27-1-201, contributory negligence remains a defense to a claim of negligence where a plaintiff's negligence is found to exceed fifty percent.

Here, RTS's first affirmative defense invoking contributory negligence tracks the language of Mont. Code Ann. § 27-1-201 by asserting that Johnson's

contributory negligence bars her recovery because it "exceeds that of RTS." (Doc. 7, at 5). Consequently, this aspect of Johnson's motion, as phrased, is properly denied. But in the end it matters not.

Johnson also moves for partial judgment with respect to RTS's reliance, to any extent, upon Mont. Code Ann. § 27-1-201 as an affirmative defense. As noted, the moving papers submitted by Johnson sufficiently sustain her burden in establishing she is entitled to judgment as a matter of law on liability. And as discussed, RTS has failed to sustain its burden to demonstrate the existence of a genuine dispute on the issue of Johnson's lack of negligence with respect to the underlying collison. Therefore, this aspect of Johnson's motion should be granted.

### B. Laches

Johnson has sustained her initial burden under Fed. R. Civ. P. 56 in establishing that laches is unavailable as a defense to her negligence claim. Again, RTS has failed to make the requisite demonstration under Rule 56 that a genuine dispute on the issue of laches remains for resolution . This aspect of Johnson's motion should be granted.

### C. Contribution from Non-Parties

Johnson has sustained her initial burden under Fed. R. Civ. P. 56 in

establishing that there is no non-party whose conduct was a contributing cause of the underlying collision. And review of the record reflects that RTS has not moved, within the time afforded by the Fed. R. Civ. P. 16 scheduling order to amend the pleadings, to add any additional parties. Again, RTS has made no demonstration that any such non-party exists. This aspect of Johnson's motion is properly granted.

## IV. Conclusion

IT IS RECOMMENDED that Johnson's motion be GRANTED IN PART and DENIED IN PART as set forth above.

DATED this 13th day of March, 2017

_Jeremiah C. Lynch_
Jeremiah C. Lynch
United States Magistrate Judge