IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MELBA SUE JOHNSON, ROBERT ALGOOD and TERESA ALGOOD,<br><br>Plaintiffs,<br><br>vs.<br><br>RE-EM TRANSPORTATION SERVICES, LTD.; 1338023 ALBERTA, LTD.; and ADAM BOYKIW<br><br>Defendants. | CV 16-49-M-JCL<br><br>ORDER |

Plaintiff Melba Sue Johnson instituted this diversity action to impose liability upon the Defendants for injuries she allegedly sustained in a motor vehicle collision she contends was caused by the Defendants' negligence. The matter is presently before the Court on Johnson's motion seeking partial summary judgment in her favor with respect to Defendants' affirmative defense asserting Johnson failed to properly mitigate her damages. The motion is granted in part and denied in part as explained below.

Johnson, as the party moving for summary judgment, has the initial burden of showing there are no genuine issues of material fact regarding whether or not she properly mitigated her damages, and that she is entitled to judgment as a

matter of law on the mitigation issue.  See *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986).  If Johnson is successful in meeting this initial burden, the Defendants, as the non-moving party, must respond by setting forth specific facts showing there exists a genuine issue of material fact pertaining to the mitigation issue that remains for trial.  *Id.* at 248.  In resolving the present motion, the Court views the evidence presented in the light most favorable to the Defendants, regardless of whether the Defendants failed to offer additional evidence to defeat Johnson's motion for partial summary judgment.  See *Bingham v. City of Manhatten Beach*, 341 F.3d 939, 945 (9th Cir. 2003).

In support of her motion, Johnson presents evidentiary materials in the form of Defendants' answer to Interrogatory No. 12 and the deposition testimony of Defendant Boykin (the operator of a vehicle involved in the collision) and the Fed. R. Civ. P. 3(b)(6) representative of the Defendant corporate entities.  In short, Johnson points out that Defendants failed in their response to Interrogatory No. 12 and in their deposition testimony to identify the precise factual basis of their assertion that Johnson failed to properly mitigate her damages.  (Doc. 48, at 3-4).  She also notes that as of the close of discovery on March 10, 2017, Defendants have provided no supplemental response to Interrogatory No. 12.  *Id.*

In response, Defendants identify two issues of fact relating to mitigation

which they contend remain genuinely in dispute: (1) whether Johnson failed to mitigate by discontinuing physical therapy for her alleged neck injury; and (2) whether Johnson failed to mitigate by negligently injuring her wrist in an unrelated fall that occurred subsequent to the underlying motor vehicle collision.

With respect to the Defendants' latter assertion, the fact that Johnson may have sustained a subsequent injury to her wrist – which she contends was injured in the motor vehicle collision – has no bearing on the issue of mitigation of damages. Rather, as accurately pointed out by Johnson, the subsequent fall bears upon the issue of whether the wrist injury of which she complains was caused, in whole or in part, by that fall. Thus, Johnson's motion is properly granted to the extent Defendants seek to maintain that Johnson's proportional negligence in relation to the fall which occurred subsequent to the motor vehicle collision constitutes a failure to mitigate.

As to Johnson's cessation of physical therapy for her alleged neck injury, her undisputed conduct in that regard is relevant to the issue of mitigation of damages. Defendants point out Johnson testified at her deposition, that although she was experiencing continued neck pain, she elected to discontinue prescribed physical therapy. (Doc. 50, at 5). Notwithstanding Defendants' failure to supplement their answers to Johnson's Interrogatory No. 12, Johnson's testimony

in this regard is sufficient to sustain Defendants' burden on summary judgment. Therefore, this aspect of Johnson's motion is denied.

The Court is cognizant of the fact that in her reply, Johnson makes the argument, supported by affidavits, that she discontinued physical therapy because she could no longer afford to pay for the treatment. But because this assertion was first raised in Johnson's reply, the Court will not consider Johnson's ability to pay in resolving her motion for partial summary judgment. Obviously, if the Defendants choose to proceed down this road on the issue of mitigation at trial, the jury will be fully appraised of the reasons Johnson contends precluded her from continuing with physical therapy.

IT IS SO ORDERED.

DATED this 26th day of April, 2017

_____
Jeremiah C. Lynch
United States Magistrate Judge